Smith, J.
The petition in this case alleges that the defendant company, for six years last past, in this county has used, and does still use, without any grant or charter, certain privileges and franchises mentioned therein, and among others named, of being a corporation by the name aforesaid, and to use and occupy a certain public road described therein, and to collect tolls on said road. And it calls upon the defendant to answer by what warrant it claims said privileges, and asks for a judgment ousting the defendant therefrom, and for all proper relief.
The defendant, by its answer, first admits that it exercises the liberties, privileges and franchises aforesaid, and denies all the other allegations of the petition. And, second, avers that it was chartered as a turnpike road company, by the name aforesaid, by a special act of the General Assembly of Ohio, passed February 8, 1847, That no part of its turnpike is within the limits of any municipal corporation, and *377 that by virtue of its said charter it has for more than twenty-one years past, exercised a'lL the liberties, franchises and privileges aforesaid, and thén pleads in bar of this action thé statute (of limitations?) in such cases made and provided.
The reply of plaintiff, first, denies the allegations (of new matter?) in the answer Second, it says that if the defendant was chartered as alleged, that since the — day of •--- — ■—, 1877, it had abandoned all rights, privileges and franchises under said act, and has dissolved its corporate existence. That in 1877 said company commenced proceedings in the common pleas court of this county to compel the city of Cincinnati to purchase so much of its road as was within the city limits; that in said suit the value of the entire road was fixed at 117,000,which was paid by the city, and the corporation was then, by the act of the stockholders, dissolved, and that since then it has had no corporate existence whatever. That the property of the company has, since then, never been returned for taxation; or any tax paid thereon, nor has the company performed any of the duties enjoined upon it by law; but that assuming to act under its corporate name and franchises, one Geo. Lengonner has illegally located, and is now maintaining toll gates, and receiving tolls at said gates.
3rd. It alleges that if the defendant ever had a charter, as pleaded, it has misused said franchise by demanding and receiving tolls in excess of the amount allowed by law.
4th. That it has failed to keep accurate accounts of the expenses of building the road, and the expenses of toll gatherers, officers, agents and employes, and of the amount of tolls .received by it since its organization, and has declined and refuses to submit its said books to inspection as provided by law, although requested to do so, and that the total receipts of the company exceed the cost of building the road, with twelve per cent, interest thereon.
5th. That the defendant company has failed to open and maintain its road as required by law.
*378 To this reply a demurrer was filed on the grounds: 1st. That each of the paragraphs thereof is insufficient in law; and, 2nd. that the same, and each paragraph thereof is a departure from the petition.
Should this demurrer be sustained? It is apparent, we think, from the petition and reply, that the action is brought against the defendant company under the provisions of section 6761, Revised Statutes, to oust it from certain privileges and franchises exercised by it, but which plaintiff claims it has lost, 1st. By offending against the provisions of the act creating it. 2nd By committing an act which amounts to a surrender of its corporate rights, privileges and franchises; and: 3rd. By its misuse of a franchise conferred upon it by law.
If these allegations had all been contained in the petition, as they now appear in the petition and reply, there could be no question but that the action was properly brought under section 6761, and if the facts were not denied, or if proved at the trial, the plaintiff would be entitled to a judgment as prayed for. And we are of the opinion, since the revision of the statutes, which substantially provides that proceedings in quo warranto are to be conducted under the provisions of the code of civil procedure, that this is the better and more logical practice. But as the pleadings stand, the question is, are the allegations of the reply a departure from those of the petition ?
A departure in pleading is defined to be, “the statement of matter in a replication or subsequent pleading, as a cause of action or defense, which is not pursuant to the previous-pleading of the same party, and which does not support or fortify it,’’ Bouvier’s Die. Under this definition we do not think the matters set up in the reply constitute a departure from the petition. They only set up the particular facts which it is claimed show that the defendant company is now exercising franchises and privileges which it may *379 once.have had, but which it does not now possess; in other words, to support and fortify it.
If pleading in quo warranto proceedings, were now to be substantially as before the revision of the statutes, this question is authoritatively settled by the decision of the Supreme Court in the case of Ohio v. Penn. & Ohio Canal Co., 23 Ohio St., 121, where it is held, that “when an information,in the nature of a quo warranto, is filed against a corporation, by its corporate name, calling upon it to show by what warrant it claims to be a corporation and. to exercise corporate powers, and the defendant pleads an act of the legislature granting to it the franchises named in the information, it is competent for the relator by way of replication to aver cause of forfeiture, and to piay for a judgment of dissolution.’
We are of the opinion that this rule of pleading is not affected by bringing quo warranto proceedings under the. code. That it was not thus intended substantially to change the mode of pleading in such cases.
We are also of the opinion that the paragraphs of the reply, which set up these causes for forfeiture, and which are alleged to be in violation of the duties imposed upon the company by the charter pleaded by the defendant, and which we are thus authorized to look at, are not subject to a demurrer. They allege facts which, if true, show that the company has offended against several of the provisions of •its charter, and which amount to a surrender of its corporate rights, and that it has misused a franchise conferred upon it by law.
What the judgment of the circuit court should be if those allegations,or any of them,should be established by evidence, *380 of course we do not say. All we decide is, that in our judgment the demurrer is not well taken.
Burch & Johnson, for Relator.
Harmon, Colston, Goldsmith & Hoadly, and Paxton & Warrington, for Defendants.